STATE OF MAINE

KNOX, ss.

STATE OF MAINE
Knox, SS., Clerk Office
SUPERIOR COURT

MAR 1 2004

RECEIVED AND FILED
Susan Guillette, Clerk

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-007
JRA · KNO-3/; 2004

NADIM HAQUE,

Petitioner

v.

MARTIN MAGNUSSON,

Respondent

DECISION AND ORDER

DONALD L. GARBRECHT
LAW LIBRARY

MAY 1 1 2004

This matter is before the court on the respondent's motion to dismiss in which he alleges, through counsel, that this appeal of a final agency action was not timely filed and therefore must be dismissed via M.R. Civ. P. 12(b)(1).

In order to assess the merits of the respondent's contentions, it is important to review the procedural history of this case. Here, the petition for review of final agency action, while dated April 24, 2003, was filed with this court on May 14, 2003. In this pleading, the petitioner, an inmate at the Maine State Prison, claims that the final agency action occurred on March 25, 2003, in the form of a disciplinary decision which took away 40 days of good time credits.

The pending motion asserts that the petition must be dismissed because 5 M.R.S.A. § 11002(3) imposes a 30-day time limit for filing a petition which seeks judicial review of final agency action. Thus, the respondent reasons, because the final agency action cited by the petitioner is said to have occurred on March 25, 2003, and the petition was filed on May 14, 2003, it is too late and must be dismissed.

In response to this proposition, the petitioner filed an objection in which he alleges that the deputy warden affirmed the disciplinary board findings on March 14, 2003, but that his intra-agency appeal was not "lodged" until March 21, 2003, so that the

deputy warden denied his appeal before it was received by him. He attaches to this objection a history of the events in this case which he believes are relevant to the issue of the timeliness of his appeal.

If the petitioner's calendar is correct, it shows that he was first disciplined on February 16, 2003, but was not given a "notice of charge" until February 26, 2003. On March 6, 2003, he then had a hearing before a disciplinary officer and was found guilty. He then wrote to the inmate advocate on March 10, 2003, concerning disciplinary procedures. Next, as earlier noted, the disciplinary board findings were affirmed by Deputy Warden Riley on March 14, 2003, which the petitioner came to understand on March 20, 2003, was the final review of his case. During this period of time, Deputy Warden Riley denied the petitioner more time to file an administrative appeal and again, on March 25, 2003, denied his appeal. Thereafter, according to the petitioner, he twice asked the deputy warden for a stay of the agency's disciplinary action. He dos not advise what response there may have been to this request, but then details the errors he made in filing the petition with this court, i.e., not attaching the filing fee, making the check out to the wrong party, etc.

Accepting this recitation of the history of this case as accurate, it nevertheless appears that the final agency action occurred no later than March 25, 2003. The requests for a stay do not toll the appeal period and the errors the petitioner made do not amount to excusable neglect for a late filing as may have been authorized by M.R. Civ. P. 6(b); indeed, no request was filed for an extension of time to file an appeal or for relief from the strictures of the 30-day appeal period. All this being so, the respondent's position that this appeal is untimely and must be dismissed is correct.

Accordingly, the entry will be:

Motion to Dismiss Petition for Judicial Review is GRANTED; the Petition is DISMISSED. Motion to Strike is DENIED as moot.

So ordered.

Dated: February 27, 2004

John R. Atwood
Justice, Superior Court

Date Filed __5/14/03__ __Knox__ Docket No. __AP-03-007__
County

Action __80C Appeal__

NADIM HAQUE                                    VS. MARTIN MAGNUSSON

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Pro Se<br>Maine State Prison<br>807 Cushing Rd<br>Warren ME  04864 | Diane Sleek, Esq.<br>Assistant Attorney General<br>6 State House Station<br>Augusta ME  04333<br>626-8800 |

| Date of Entry | |
|---|---|
| 5/14/03 | 80C Appeal, $100 filing fee and Summary sheet filed by Nadim Haque. |
| 6/13/03 | Motion for Enlargement of Time to File Record; Propose Order and Motion to Dismiss Petition for Judicial Review and Proposed Order filed by AAG Sleek. |
| 6/25/03 | Order filed:<br>After consideration of respondent's motion for enlargement of time, the court grants that motion. In the event the court does not grant the respondent's motion to dismiss, the court grants respondent an enlargement of time to two weeks after receipt of the court's decision to file the record in this matter.<br>Dated: 6/25/03<br>Gorman, J.<br>Copy mailed to Nadim Haque and AAG Sleek. |
| 7/1/03 | Petitioner's Objection to Dismiss Opposing Counsel Motion to Dismiss filed by Nadim Haque. |
| 7/7/03 | Reply to Opposition to Motion to Dismiss filed by AAG Sleek. |
| 7/14/03 | Letter filed by Nadim Haque to the Judge. |
| 7/14/03 | Objection to Motion to Dismiss filed by Nadim Haque. |
| 7/15/03 | Letter filed by Nadim Haque to the Judge. |
| 7/23/03 | On 7/17/03, Motion to Strike  and Proposed Order filed by AAG Sleek. |
| 7/23/03 | Client Grievance filed by Nadim Haque. |
| 8/5/03 | Petitioner's Objection to Respondent's Motion to Strike filed by Plaintiff. |
| 8/7/03 | Reply to Opposition to Motion to Strike filed by AAG Sleek. |